IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

BRANDON KIE,
                        Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No. 3: 16 - CR-153

GOVERNMENT'S FIRST SENTENCING

MEMORANDUM

## INTRODUCTION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its FIRST sentencing memorandum.

On September 12, 2016, pursuant to a Rule 11(c)(1)(A) plea agreement, the defendant entered a plea of guilty to Count 2 of three-count Indictment 16-CR-153, which charges on or about September 24, 2014, in Broome County, in the Northern District of New York, defendant Brandon Kie, received child pornography, using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in that the defendant received a video file titled "TaraAnalColl.avi" depicting a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

The statutory mandatory minimum term of imprisonment is 5 years and the statutory maximum term is 20 years. See, 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252A(b)(1). Pursuant to the U.S.S.G. and based upon a total offense level of 34 and a criminal history category of I, the guideline imprisonment range is 151 to 188 months.  Pursuant to statute, the Court must

impose a term of supervised release of at least 5 years and may be up to life.  See, 18 U.S.C. § 3583(k).  Also pursuant to statute, namely 18 U.S.C. § 3663A, restitution must be ordered in this case, and is due and owing to "Andy," the victim depicted in the Sponge Bob child pornography series (see paragraph 64 of the PSR).  Pursuant to 18 U.S.C. § 2253, the defendant shall forfeit to the United States all right, title, and interest in the items outlined in the Preliminary Order of Forfeiture, which was signed by the Court on September 22, 2016.

The United States recommends that the Court impose an imprisonment sentence within the guidelines range as calculated and as set forth in the Pre-Sentence Investigation Report (PSR). We also recommend that the Court impose a 10 year term of supervised release.  Furthermore, we request that the Court issue an order of restitution as set forth in paragraph 64 of the PSR and an order of forfeiture.

## THE FACTS

Mr. Kie is a 31 year old man that repeatedly engaged in downloading and sharing with others extremely hard core child pornography.  Mr. Kie knowingly and intentionally used software loaded on his computer that allowed him to share with others very hard core child pornography through a peer-to-peer sharing network known as Ares.  In fact, Mr. Kie distributed child pornography on multiple occasions to an undercover law enforcement officer through the peer-to-peer software program.  Mr. Kie distributed 21 separate files of extremely hard core child pornography to the undercover law enforcement officer.  The graphic child pornography as distributed by Mr. Kie are described in the PSR.  The files depict sexually explicit images, videos, and conduct involving minors.  One of the files distributed by Mr. Kie was a video titled

"P101-mikael n dad complete version.mpeg" and depicts an approximately 11 to 13-year-old male and adult male who are both naked wherein the minor male performs oral sex on the adult male.  Another video file distributed by Kie is titled "17yo boy fuck 7yo girl kdv.avi" and depicts a 7-year-old female and an approximately 17-year-old male who are both naked.  The minor female's vaginal area is completely exposed and the two perform oral sex on one another.  Another video file distributed by Kie is titled "(pthc) tara 8 yr girl-eat cum.wmv" and depicts an approximately 8-year-old female who, while wearing only a mask, performs oral sex on a naked adult male.  The minor female then lays on the bed exposing her vaginal area.  Yet another graphic video file that was distributed by Kie to the law enforcement officer was a video titled "Bibcam – dad & son awesome deep fuck of boy asshole.avi," which depicts an approximately 10 to 12-year-old male being anally penetrated by the adult male.  Yet another hard core child pornography video file that was distributed by Kie to the law enforcement officer is titled "! New ! (pthc) 2007 tara 8yr – gets buttfucked by 14 inch long.wmv" and it depicts an approximately 8-year-old female and adult male.  During the graphic video, the female is wearing only a mask that covers her eyes and the male is wearing only a clown mask and baseball cap.  The minor female performs oral sex on the male and then lies on a bed exposing her vaginal area.  The adult male then uses a "handheld device" to penetrate the minor female's anus while she touches her vagina.  And yet another extremely graphic and disturbing child pornography video that was distributed by Kie to the law enforcement officer is a video titled "P101 – Mikael bound forced to eat cum.mpeg" and depicts an approximately 8 to 12-year-old male whose hands are bound by

rope and he is laying on a bed with his head hanging over the edge of the bed while he performs oral sex on an adult male.  The adult male ejaculates on the minor male's face.

After a federal search warrant was executed, a forensic examination of the digital devices utilized by Kie to download and to distribute hard core child pornography revealed that Kie was in possession of 173 images of children in bondage; 8 images of female children engaged in sexual activities; 335 images of male children engaged in sexual activity; and 22 videos of children engaged in sexual activities.  Most of these images as found with Kie were of prepubescent children and a vast majority depicted extremely disturbing bondage or other activities portraying pain.

It is crystal clear from the seizure of disturbing materials from Mr. Kie that 31 year old Mr. Kie enjoys very much watching the extreme infliction of pain and sexual torture upon prepubescent minors and children as young as 7 years old.  Mr. Kie finds sexual gratification in watching pure and utter sexual torture of very young children.  For example, Mr. Kie's personal collection of torture child pornography materials included several images of a prepubescent male child bound and hung from the ceiling by his arms.  The boy is naked, being whipped, and his face portrays expressions of pain.  Other images depict a naked prepubescent male lying face up on a floor, bound at his hands and feet, being stretched and pulled in both directions.  He appears to be grimacing in pain.  Several other images depict naked minor children being bound to furniture such as chairs and beds while they are blindfolded and their mouths sealed shut with duct tape. Still other images depict minor children lying face down with their hands and feet hogtied behind their backs.  Some of these videos depict children trying to get free from the

abuser, while other boys are crying.  There is a very dark side to 31 year old Mr. Kie.  His sexual

attraction to young children involves a disturbing and infatuation-like desire to see them sexually

tortured and in extreme physical and mental pain.  That is scary.  Mr. Kie is obsessed and fixated

with pain and sexual torture.  And that is what makes defendant Kie scary and dangerous.

## THE PLEA AGREEMENT

Defendant Kie pled guilty and also entered into a written plea agreement with the

government.  In addition to the facts as set forth in the PSR, defendant Kie personally admitted

in his signed plea agreement to the following facts.  In paragraph 5 of Kie's signed plea

agreement, Kie admitted the following.  In 2014, defendant owned and knowingly used an HP

Pavilion Elite e9220y personal computer with serial number 3CR9390FS2 to connect to several

child pornography web sites via the internet.  Said child pornography sites offered for

downloading via the internet numerous digital images and videos of minors engaged in sexually

explicit conduct.  Defendant also used this computer to knowingly connect to other computers

using peer-to-peer software programs and where digital images and videos of minors engaged in

sexually explicit conduct were also made available for downloading via the internet.  Defendant

utilized his computer in this fashion while residing at a residence on Bolles Hill Road in

Apalachin, New York and thereafter also at an apartment on Princeton Street in Endicott, New

York.  On numerous occasions and while utilizing his computer in this manner, defendant

knowingly received and downloaded child pornography digital images and videos from said web

sites and also from other computers, where said downloaded digital images and videos depicted

minors engaged in sexually explicit conduct.  Utilizing his computer in this manner, defendant

knowingly received and downloaded more than 500 digital images and more than 12 videos of child pornography via the internet, that is, minors engaged in sexually explicit conduct.  After receiving said digital images and videos of child pornography, defendant saved them to a folder named "Diablo" on his computer desktop.  Some of these child pornography digital images and videos depict sexual bondage of minors and constitute sadistic and masochistic conduct.  Some of these child pornography digital images and videos depict minors less than 12 years of age and prepubescent minors engaged in anal sex, sexual intercourse, and oral sex.  Of the digital images and videos knowingly received and downloaded by defendant, and as located on defendant's computer, NCMEC (National Center for Missing and Exploited Children) identified 444 digital images and 3 videos of known and identified children from several dozen different "series".  One such video that was knowingly received and downloaded by defendant via the internet on or about October 10, 2014, is a 15 minute video showing a 7 year old boy performing oral sex on a man; the man performing oral and anal sex on the boy; and that little boy, as identified by NCMEC, is a part of the SANY12 series.  The video is titled "[MB] 2011 SANY 7yo boy fully molested by uncle Tim.avi".   That video was produced in the state of Oklahoma by a family friend who sexually abused the boy.  Another such video that was knowingly received and downloaded by defendant via the internet on or about September 24, 2014, as charged in count 2 of the indictment, is a 17 minute video showing a father engaging in sexual intercourse and sodomy with his 9 year old daughter.  The video is titled "TaraAnalColl.avi."  That video was produced in the state of Georgia by the father who raped and sodomized his 9 year old daughter, and is part of the Tara series.

## GUIDELINES ENHANCEMENTS

In paragraph 6 of his signed plea agreement, Mr. Kie admitted to and agreed to all of the guidelines enhancements.  Defendant Kie admitted that:

a)   The guideline for a violation of 18 U.S.C. § 2252A(a)(2)(A) is USSG §2G2.2 and calls for a base offense level of 22.  USSG §2G2.2(a)(2).

b)   Defendant possessed images and videos involving prepubescent minors or minors who had not attained the age of 12 years; therefore, the offense level is increased 2 levels, pursuant to USSG §2G2.2(b)(2).

c)   The offense involved distribution by way of a peer-to-peer software program.  Pursuant to USSG §2G2.2(b)(3)(F), the offense level is increased 2 levels because the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E).

d)   Images depict prepubescent children being anally penetrated by adult males and others depict children in bondage being whipped and/or stretched.  As the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence, the offense level is increased 4 levels, pursuant to USSG §2G2.2(b)(4)(A).

e)   The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the

material or for accessing with intent to view the material; therefore, the offense level is increased 2 levels, pursuant to USSG §2G2.2(b)(6).

f)   Defendant possessed 517 images and 22 videos (which is equivalent to 1,650 images) of child pornography, for a total of 2,167 images. Pursuant to USSG §2G2.2(b)(7)(D), the offense level is increased 5 levels as the offense involved 600 or more images.

## WAIVER OF RIGHTS TO APPEAL AND COLLATERAL ATTACK

Defendant Kie waived and gave up any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. §§ 2241 and 2255, to appeal and/or to collaterally attack the following (see paragraph 7 of the signed plea agreement):

a)   The conviction resulting from the defendant's guilty plea;

b)   Any sentence to a term of imprisonment of 240 months or less;

c)   Any sentence to a fine within the maximum permitted by law;

d)   Any sentence to a term of supervised release within the maximum permitted by law;

Any order of forfeiture or restitution imposed by the Court that is consistent with governing law and is not contrary to the terms of this agreement.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

The government agrees with the applicable statutory and guidelines calculations as set forth in the Pre-sentence Investigation Report (PSR).

The signed Plea Agreement was filed with this Court at the time of the guilty plea.

The government agrees with the guidelines calculations as set forth in the Pre-sentence

8

Investigation Report (PSR).

The government agrees with the facts and information contained in the PSR.

The government agrees with the Probation Office's determination of the defendant's criminal history category.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The United States recommends that the Court impose an imprisonment sentence within the guidelines range as calculated and as set forth in the Pre-Sentence Investigation Report (PSR).  We also recommend that the Court impose a 10 year term of supervised release. Furthermore, we request that the Court issue an order of restitution as set forth in paragraph 64 of the PSR and an order of forfeiture.

## DEFENDANT MUST BE REMANDED

The government moves for Kie's remand following sentencing.  The statute mandates remand after defendant's sentencing pursuant to 18 U.S.C. 3143(b)(2).  The statute provides no exceptions.  Defendant's offense of conviction is an (f)(1) section 3142 offense in that it is a "crime of violence" as defined in 18 U.S.C. 3156(a)(4).  Congress specifically identified defendant's offense of conviction as a "crime of violence".  And Congress specifically wrote a law mandating remand of this offense conviction after sentencing.  Thus, remand is mandated after sentencing pursuant to 18 U.S.C. 3143(b)(2).

RICHARD S. HARTUNIAN                                January 6, 2017
United States Attorney

/S/
By: Miroslav Lovric
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING SYSTEM</u>**

I hereby certify that on January 6, 2017, I electronically filed with the NDNY Clerk of the District Court using the CM/ECF system the above-referenced document(s) in connection with the above-referenced case.  The CM/ECF system automatically sent electronic notifications of such filing to the attorneys of record in this case, as maintained by the District Court Clerk's Office, AND who are properly registered in the CM/ECF system for the NDNY as required pursuant to NDNY General Order #22.  As for any attorney of record in this case who is not registered in the CM/ECF system for the NDNY, the government has caused to be mailed or faxed to that attorney either the actual CM/ECF electronic notification/e-mail as received from the CM/ECF system by the government and/or the actual documents being filed.  Therefore, the non-registered attorney(s) will receive the same electronic ECF notice with the same information as will the attorney(s) who is/are registered in the CM/ECF system.

_____/S/_____
Miroslav Lovric
Assistant U.S. Attorney